THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE SIMS, Defendant-Appellant.

Fourth District   No. 13924

Opinion filed April 7, 1977.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (James E. Hinterlong and Michael B. Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Defendant Eddie Sims appeals from his conviction in the Circuit Court of Vermilion County for the offense of armed robbery and his sentence of 8 to 24 years imprisonment. He contends that: (a) he was denied his rights under article I, section 7 of the Illinois Constitution of 1970 and section 111—2(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—2(a)) as that section stood at the time of the offense, to be charged with a felony only upon indictment by a grand jury; and (b) he

was denied his right to a speedy trial guaranteed by the Sixth Amendment and article I, section 8 of the Illinois Constitution of 1970.

■■ At all times material to this case, article I, section 7 has provided, with certain nonapplicable exceptions, that a person may be charged with a felony only by indictment by grand jury but that the legislature "may by law abolish the grand jury or further limit its use." On October 1, 1975, an amendment to section 111—2(a) permitting felony prosecutions by information became effective. The parties do not dispute that this amendment constituted a law limiting the use of grand juries. The offense in the instant case occurred on September 29, 1974, a little over one year before the effective date of the amendment. Defendant contends, therefore, that to deny him the right to indictment is to give the amendment an impermissible retroactive effect.

In *People v. Myers* (1977), 44 Ill. App. 3d 860, 359 N.E.2d 197, the appellate court for the Third District was faced with the same issue of the application of the amendment of section 111—2(a) to the prosecution of a felony by information when the offense occurred before the effective date of the amendment and the defendant was tried after that date. We deem their decision affirming the conviction to be well reasoned and to reach the proper result. *Myers* differed from the instant case only in that there the information was filed after the effective date of the amendment and here it was filed before the effective date. Both the appellant's brief here and the *Myers* opinion consider the crucial question to be whether the law in force at the time of the offense controls as to whether indictment is required. We agree. If the law in force at the time of the offense did not control, the information, although already filed, became effective upon the effective date of the Act. For the reasons stated in the *Myers* opinion we rule that the law in effect at the time of trial controlled the requirements as to the type of charge and we reject defendant's contention that he had a right to be prosecuted only by indictment.

Defendant's claim that his constitutional rights to speedy trial were violated involves a more complicated set of dates. On January 21, 1975, Danville police were advised by Peoria police that defendant had given them a statement implicating himself in the armed robbery in question. On February 3, 1975, the information upon which defendant was convicted was filed. On May 2, 1975, a Danville police officer interviewed defendant who was then in custody in Peoria. During the interview, defendant also made statements to that officer implicating himself in the crime. Defendant remained in custody in Peoria until he pled guilty to an offense there and was sent to a Department of Corrections facility at Vandalia. Defendant was released from the Vandalia facility on June 30, 1975. Defendant then returned to Peoria. On November 24, 1975,

Danville police arrested defendant in Danville. On December 3, 1975, a preliminary hearing was held at which the court found probable cause of defendant's guilt. The case was tried on the merits on February 24 and 25, 1976.

■■ The United States Supreme Court in *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, stated that in determining whether a criminal defendant's constitutional right to a speedy trial had been violated, the court must consider the length of the delay, the reasons for the delay, the prejudice to the defendant and the defendant's assertion of his right and then balance the conduct of the State against that of the defendant. The balancing test has been applied in this State. (*People v. Joseph* (1975), 33 Ill. App. 3d 315, 337 N.E.2d 110.) Prior to *Barker v. Wingo* a very similar test was used. *People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876.

The time lag before trial in the instant case was nearly 17 months from the date of the offense, 13 months from the time that Danville police had reason to believe that defendant was guilty, 12½ months from the time the charge was filed, nearly 8 months from the time defendant was released by the Department of Corrections and 3 months from his arrest. No direct evidence was presented to explain the reason for the delay. The case was a simple armed robbery case which would not ordinarily require extensive preparation. The *Barker v. Wingo* opinion states that a deliberate attempt by the prosecution to delay in order to hamper the defendant will be held strongly against the prosecution, while a delay caused by negligence of the prosecution or overcrowded dockets although also held against the prosecution will be given much less weight. Under the evidence presented here, it appears that the delay resulted from mere negligence and the trial court would have been justified in so finding. No demand was made by defendant for trial. The State does not refute defendant's testimony, however, that when interviewing defendant in Peoria, the Danville police officer told defendant that a warrant was to be left with Peoria authorities for defendant's arrest upon completion of his incarceration there. Defendant testified that upon his release from the Department of Corrections, he asked Peoria authorities if they had a warrant for his arrest and they told him that they did not. Defendant testified that he then concluded that the Danville charges had been dropped. If defendant had been diligent in seeking a speedy trial, however, he would have checked directly with Danville authorities. It would appear that his stated belief that charges had been dropped was, at best, a hope that this had occurred.

In *Barker v. Wingo* the court described the factor of prejudice in these terms:

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." 407 U.S. 514, 532, 33 L. Ed. 2d 101, 118, 92 S. Ct. 2181, 2193.

■■■ Defendant's pretrial incarceration lasted only 3 months. Prior to that time and after his release from the Department of Corrections, his anxiety and concern must be judged in the light of his testimony that he did not check with Danville authorities because he believed that the charges there had been dropped. No indication is shown that his ability to defend was impaired in any way. Rather, defendant centers his argument upon the theory that he was prejudiced by the delay because the statutory change that took place during the delay took away his right to be charged only by indictment by a grand jury. Since the State always had sufficient evidence available to make a showing of probable cause and obtain a true bill, it does not appear likely that the State deliberately delayed in order to avoid the necessity of indictment. Similarly, since an indictment could easily have been obtained, defendant was not prejudiced by the failure to do so. Indeed by following the procedure of charging by information, the State granted the defendant an opportunity for a preliminary hearing which likely gave him more opportunity for discovery than would have resulted from a grand jury proceeding.

After applying the balancing test of *Barker v. Wingo*, we conclude that the trial court did not err in ruling that defendant's constitutional rights to a speedy trial were not violated.

We affirm.

Affirmed.

TRAPP, and MILLS, JJ., concur.