ROY NOBLE LEE, Presiding Justice,
for the Court:
Houston Estes appeals from a judgment of the Circuit Court, Tate County, Mississippi convicting him of attempted burglary of a business dwelling. He was sentenced to seven (7) years in the custody of the Mississippi Department of Corrections as an habitual offender. The appellant assigns one (1) error on this appeal, viz,
THE SECOND TRIAL OF APPELLANT WAS BARRED BY THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION AND THE MISSISSIPPI CONSTITUTION.
Previous to his conviction, appellant was indicted for the same criminal offense. After the State rested its case in the first trial, appellant made a motion for a directed verdict of acquittal grounded on the insufficiency of the indictment to charge an offense. The indictment was flawed and the lower court granted appellant’s motion and entered an order “Order Quashing Indictment.” Appellant then moved the court to alter or amend its judgment to reflect that it was a directed verdict of acquittal and not a dismissal of the indictment. The lower court let the order stand, considering it to be a motion to quash the indictment because of its insufficiency and failure to charge a crime. On the second trial, the plea of former jeopardy was filed and argued by appellant and was denied by the lower court.
In United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), the U.S. Supreme Court held that the double jeopardy clause of the Fifth Amendment offers no bar to a subsequent prosecution where the first prosecution was dismissed for pre- *1185 indictment delay after all the evidence was addressed. There was no acquittal or conviction on the evidence. The Court said:
We think that in a case such as this the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant.... He was thus neither acquitted nor convicted, because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been empaneled to try him.
437 U.S. at 98-99, 98 S.Ct. at 2198, 57 L.Ed.2d at 79.
In Scott, the Court further said:
A defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant’s favor, correct or not, of some or all of the factual elements of the offense charged.
Scott, 437 U.S. at 97, 98 S.Ct. at 2197, 57 L.Ed.2d at 78, citing United States v. Martin Linen Supply Co., 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642, 651 (1977).
Mississippi Code Annotated § 99-11-29 (1972) states:
Where a defendant is acquitted of a criminal charge upon trial on the ground of a variance between the indictment and proof, or upon exception to the form or substance of the indictment or record, he may be tried and convicted upon a subsequent indictment for the offense actually committed, notwithstanding such acquittal, and it shall be the duty of the court to order the accused into the custody of the proper officer.
In all cases of acquittal on the ground of variance between the indictment and proof, the jury, in rendering its verdict, shall so certify.
In Brewer v. State, 351 So.2d 535 (Miss.1977), the indictment attempted to charge a violation of the controlled substance statute [Miss.Code Ann. § 41-29-115 (Supp. 1976) ], but was insufficient and failed to so charge. Brewer was convicted and appealed to this Court, which reversed the conviction and remanded the appellant to the custody of the Sheriff of Harrison County to await the action of the next grand jury. See also Burchfield v. State, 277 So.2d 623 (Miss.1973); Love v. State, 211 Miss. 606, 52 So.2d 470 (1951).
We reject the assignment presented and affirm the judgment of the lower court.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.