506 So.2d 277 (1987)
Willie REED
v.
STATE of Mississippi.
No. 56679.
Supreme Court of Mississippi.
April 22, 1987.
*278 William B. Jacob, Daniel P. Self, Jr., Meridian, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Willie Reed was indicted and tried for the armed robberies of Pearl Pope, William T. Boyd and Toby Clark. At trial, the prosecution was allowed to reopen its case and delete the name of Toby Clark from the indictment. All references to Clark were also deleted from the jury instructions. Thereafter, the jury returned a verdict finding Reed guilty of the crime charged and he was sentenced to life imprisonment by the Circuit Court of Lauderdale County. For the reasons set forth below, we affirm the conviction of armed robbery as to victims Pope and Boyd. However, with regard to the charges alleging armed robbery of Clark, we hold that the deletion from the indictment and subsequent jury instructions were tantamount to an acquittal on this charge and thereby dismiss this charge with prejudice.

FACTS
On March 26, 1981, two assailants broke into a private boarding home in Meridian, Mississippi, which was owned by Mrs. Pearl Pope. Mrs. Pope and her two boarders, William T. Boyd and Toby Clark, were attacked and robbed. Subsequent investigations revealed that the two assailants were really Willie Reed and Robert Turner.
Reed and Turner were indicted together under a multi-count indictment. Count I of the indictment charged them with armed robbery against all three victims in violation of § 97-3-79 of the Mississippi Code Annotated (1972).[1] Thereafter, Reed and Turner each entered into plea bargaining with the State. Turner ultimately pled guilty and received a five year suspended sentence. He also agreed to testify on behalf of the State. Reed continued to negotiate until February 25, 1985. At that point, negotiations collapsed and a trial date was immediately set for February 28, 1985. The State was ordered to proceed under one count of the indictment and chose Count I.
At trial, Evita Reed testified that Willie Reed, her uncle, had been living with her next door to Mrs. Pope. She further stated that on the day of the robbery, Reed had asked her if she had a gun and if Mrs. Pope had any money in her home.
Robert Turner, Evita Reed's fiance, testified that he was staying at Evita's home on the night in question and that Reed awakened him around 11:30 p.m. The two men then went next door and gained entrance to Mrs. Pope's home through the kitchen door. Turner next testified that when Mrs. Pope came into the kitchen, Reed jumped her, tied her up, and began beating her and demanding money.[2] Reed then ransacked the house, found a pistol, and again attacked the victims. The two men then left the house leaving Mrs. Pope bound and gagged in the kitchen and ran back next door to Evita Reed's home.
Both Mrs. Pope and Mr. Boyd related similar descriptions of the events. Mrs. Pope also testified that her jewelry, money box and.22 calibre pistol were stolen. Mr. Boyd stated that money was taken from his person as well.
Officer Steve Thomas testified that when police arrived they found the house in disarray and also found a change box on the *279 front porch. The police then went next door to Evita Reed's home and found loose change scattered on the front porch. Robert Turner was arrested that morning at Evita Reed's home and Reed was subsequently detained in Jacksonville, Florida, and returned to the State.
Thereafter, the State rested their case. Defense counsel moved for a directed verdict arguing a material variance between the proof and the indictment because the State failed to offer any proof as to the robbery of Toby Clark. The motion was overruled but the trial court allowed the State to reopen its case and delete Toby Clark from both the indictment and the jury instructions. The jury then returned a general verdict finding Reed guilty and sentenced him to life imprisonment.

LAW

I.

DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO AMEND THE INDICTMENT TO DELETE THE NAME OF TOBY CLARK?
Under this assignment of error, Reed contends the court erroneously allowed the State to amend the indictment deleting the name of victim Clark because such an amendment goes to the substance rather than the form of the indictment and because the trial judge failed to enter the appropriate order in the record as required by § 99-17-15 of the Mississippi Code Annotated (1972).
Section 99-17-13 of the Miss. Code Ann. (1972), provides for amendments to criminal indictments during the course of a trial in limited situations. See Miss. Code Ann., § 99-17-13 (1972). However, any amendment, to be permissible, must be in form and not substance. Atkins v. State, 493 So.2d 1321, 1322 (Miss. 1986). We have adopted the following test to determine whether an amendment to an indictment results in prejudice to the defendant:
The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance. * * *
Bingham v. State, 434 So.2d 220, 223 (Miss. 1983), citing Byrd v. State, 228 So.2d 874 (Miss. 1969).
The test followed in Bingham addresses the potential prejudice of any amendment to a criminal indictment. The State in this case was allowed to delete an essential element of the crime which they consciously chose to prosecute. As such, we cannot say that this amendment went to form rather than substance and hold that it was impermissible.
Additionally, we note that no valid order was entered on the record authorizing the alleged amendment as required by § 99-17-15 of the Mississippi Code Annotated (1972). The State is required to make sure that such an order appears in the record and the defense is required to object to the absence of such order if it wishes to preserve this point for appeal. See Sturgis v. State, 379 So.2d 534 (Miss. 1980). In the present case, the defense attempted to object but was cut short by the trial judge. The State at no point either asked the trial court nor added to the record any order authorizing the amendment. Thus, the attempted amendment would be ineffective for this reason also.
The question to be resolved now is whether the ineffective amendment of the indictment requires reversal of Reed's conviction.
In Phillips v. State, 493 So.2d 350 (Miss. 1986), we addressed a similar issue and held:
Where multiple charges are submitted to a jury and where the jury returns a verdict of guilty to a single offense, i.e., as here, kidnapping, and where the evidence in the record and the instructions under which the matter was submitted to *280 the jury are such that one of the charges must fall, the judgment of conviction may be affirmed only if we may conclude beyond a reasonable doubt that the infected charge was separable and that there was an adequate factual and legal basis for the conviction of the defendant on another severable charge.
Phillips, 493 So.2d at 356.
Applying these general principles to this case, we hold that the charges against Reed as to the armed robberies of victims Boyd and Pope were separable from the charge of armed robbery against Clark and that there was an adequate factual and legal basis to support the conviction of Reed on these charges. While the jury did return a general verdict in this case, we nevertheless are of the opinion that the jury did not consider the charge against Clark during its deliberations since juries are presumed to follow the instructions given by the trial judge. See Johnson v. State, 475 So.2d 1136, 1142 (Miss. 1981). Accordingly, we affirm the conviction of Reed as to victims Boyd and Pope.
However, one final issue remains to be resolved. Reed contends that now he may be subjected to double jeopardy by being tried twice for the armed robbery of Toby Clark. The State urges us to treat the trial judge's action as nolle prosequi. However, nolle prosequi, by its very definition, contemplates a formal entry on the record by the prosecuting official which declares that the case will not be prosecuted further. See Black's Law Dictionary, 945 (5th Ed. 1979). No such entry appears in the record. Further, it is clear from our reading of the record that the State attempted in vain to establish the armed robbery of Clark by eliciting testimony from his accomplice and the other two victims regarding the activities that occurred in Mrs. Pope's home that night. The State simply failed to prove an armed robbery perpetrated against Clark and may not now claim that the charge is nolle prosequi.
We reject the State's claim that their inability to produce Clark at trial was the result of "manifest necessity" in light of his intervening illness. The State was well aware of Mr. Clark's age and health problems. The State could have at any point sought a continuance until Mr. Clark was able to appear at trial. Instead, they elected to proceed with the proof available until defense counsel made his motion for directed verdict. We cannot say that the State's inability to produce such a key witness at trial was the product of a "manifest necessity" under the circumstances.
As to the charge of armed robbery of Clark, we hold that the trial judge's actions were tantamount to an acquittal on this charge. In United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), the United States Supreme Court recognized "the trial judge's characterization of his own action cannot control the classification of this action." Scott, 437 U.S. at 96, 98 S.Ct. at 2196. The court went further and held that an acquittal of a charge occurs when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." Scott, 437 U.S. at 97, 98 S.Ct. at 2197 (Emphasis added). We have recently adopted these holdings in Estes v. State, 502 So.2d 1184 (Miss. 1987).
In our case, the trial judge determined that the State failed to produce evidence to prove that Reed robbed Toby Clark with a deadly weapon. This represents a resolution of one of the factual elements of the offense charged, namely the armed robbery of Toby Clark. Applying the holdings of Scott and Estes, we conclude that the trial judge's actions were tantamount to an acquittal on the charge of armed robbery against Clark. We thereby dismiss that charge with prejudice.

II.

DID THE TRIAL COURT ERR IN FAILING TO DISMISS THE INDICTMENT UNDER THE 270 DAY RULE?
Reed claims that the State violated § 99-17-1 of Miss. Code Ann. (Supp. 1984), when they failed to try him for armed robbery within 270 days after his arraignment *281 and failed to show good cause for the delay. We cannot agree.
At the outset, we feel that it is imperative that we first review the pretrial activity that ultimately resulted in the delay in Reed's trial. First, Reed claims to have been arraigned on May 11, 1984, but the order of arraignment in the record is dated May 14, 1984. Regardless, the initial trial date was set for June 7, 1984. However, a motion to sever the trial of Reed and co-indictee Turner was entered on May 22, 1984. Apparently, Reed's initial trial date passed because the trial court had failed to resolve certain pretrial motions that were filed on March 30, 1984, by the defense. Thereafter, the parties, by their own admissions, entered into a series of plea negotiations with each side making offers and counter offers. These negotiations apparently culminated when Reed indicated to his attorney and the State that he was going to enter a plea on February 22, 1985. The following Monday (February 25, 1985) Reed decided to withdraw from the offer and the trial judge immediately set trial for the next available date on the docket (February 28, 1985). The resulting delay was 293 days after Reed's initial arraignment.
The controlling statute on this issue is § 99-17-1 of the Miss. Code Ann. (Supp. 1984). Under this statute, a criminal defendant must be tried within 270 days after his arraignment unless good cause be shown and a continuance duly granted. See Miss. Code Ann., § 99-17-1 (Supp. 1984); see also, Lightsey v. State, 493 So.2d 375 (Miss. 1986) (statute construed to be clear and unambiguous). Since the accused has no duty to bring himself to trial, the State is saddled with the burden of establishing that there was good cause for the delay. Nations v. State, 481 So.2d 760 (Miss. 1985).
In the instant case, the State never sought a continuance throughout the plea negotiations. However, it is equally clear that Reed acquiesced in and initiated much of the plea bargaining that caused the resulting delay. If the defendant is the cause of the delay, he cannot complain thereafter. Perry v. State, 419 So.2d 194, 199 (Miss. 1982). Such is the case before us today.
We note that the State made every effort to reach a plea agreement and relied on Reed's indication that such an agreement was forthcoming and acceptable. Under these particular facts, we hold that the State showed good cause for the delay, much of which was caused in part by the defendant. Therefore, we find this assignment of error to be without merit.
However, we do not hold today that plea negotiations will always constitute good cause under the 270 day rule. Rather, we expressly reject the State's argument on this point. As we see it, such a rule could serve no useful purpose and would only serve to defeat the very purpose and protections established by our 270 day rule.

III.

DID THE TRIAL COURT ERR IN SUBMITTING TO THE JURY THE CHARGE OF ARMED ROBBERY INSTEAD OF THE CHARGE OF SIMPLE ROBBERY?
Reed next contends that neither he nor Turner had the intent to commit armed robbery prior to entering Mrs. Pope's home. Therefore, he argues that the trial court erred in not reducing the charge to simple robbery. We disagree.
Reed was indicted under § 97-3-79, Mississippi Code Annotated (1972), which provides in part "every person who shall feloniously take or attempt to take from the person or from his presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery... ." See Miss. Code Ann., § 97-3-79 (1972). To sustain a finding of robbery under this statute, the State must prove: (1) felonous intent; (2) force or putting in fear as a means of effectuating the intent; and (3) by that means taking and carrying away the property of another from his person or his *282 presence. Caldwell v. State, 481 So.2d 850, 853 (Miss. 1985).
In the present case, it is clear that the State has met this burden. Evita Reed and Robert Turner each testified that prior to the break in of Mrs. Pope's home, Reed asked for a gun and asked whether Mrs. Pope had money in her home. Further, Turner testified that Reed awakened him and persuaded him to go to the Pope's home and break in. Additionally, Turner and both victims testified that Reed used physical force and fear to acquire the property of the victims. Finally, while it is true that Reed did not possess a weapon prior to entering the home, he thereafter found a pistol and used it to effectuate the crime. Under these facts, we cannot say that the trial court erred in failing to reduce the crime charged from armed robbery to simple robbery. We find this assignment of error to be without merit.

IV.

WAS THE SENTENCE OF LIFE IMPRISONMENT DISPROPORTIONATE AND THEREFORE IN VIOLATION OF REED'S CONSTITUTIONAL RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT?
Under Reed's final assignment of error, he argues that his sentence is cruel and unusual because it is based on the testimony of Robert Turner, an admitted accomplice to the crime who only received a five year suspended sentence for his role in the crime. We disagree.
In Winters v. State, 449 So.2d 766 (Miss. 1984), we held that a conviction based on an accomplice's testimony may be upheld even where such testimony is uncorroborated if the testimony is reasonable and not improbable, self-contradictory or substantially impeached. Winters, 449 So.2d at 771. In the present case, Turner's description of the events that occurred in Mrs. Pope's home on the night in question was corroborated by both the testimony of Mrs. Pope and Mr. Boyd. Further, although Turner initially told police that he did not enter the home, this inconsistency was presented to the jury and it was their responsibility to weigh and consider the conflicting evidence and the credibility of the witnesses. Winters, supra. The jury did so and found against Reed. Upon review, we find that the evidence supported their findings.
Finally, as to Reed's sentence, the statute under which he was charged imposes a penalty of life imprisonment upon conviction. See Miss. Code Ann., § 97-3-79 (1972). Under the facts and evidence presented to us today, we cannot say that Reed's sentence was either disproportionate or cruel or unusual and in violation of his constitutional rights.
Accordingly, we affirm both Reed's conviction and subsequent sentence as to the armed robberies of Mrs. Pope and Mr. Boyd. However, we view the charge as to Clark as being tantamount to an acquittal and thereby dismiss this charge with prejudice.
CONVICTION OF ARMED ROBBERY AND SENTENCE OF LIFE IMPRISONMENT AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The remaining counts are not at issue on this appeal.
[2] Turner was in an adjacent room "tussling" with one of Mrs. Pope's boarders, Mr. Boyd.