I am of the opinion that the delay in this case offended Adams' constitutional right to a speedy trial, as the courts have articulated that right in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and progeny. Barker accepts what we must accept, that the constitutional language reflecting the right to a speedy trial permits of no precise construction nor mechanical application. The imperatives of principled adjudication nonetheless pretermit the whim or prejudice of the moment *Page 171 
and most assuredly command that we not allow generality of formulation to vaporize the right. To these ends, Barker and progeny decree a four-factor balancing test and commit it to the custody of those courts like ourselves on the front line of constitutional enforcement.
As all know, the four Barker factors are:
 (1) The length of delay;
 (2) The reason for delay;
 (3) Whether the defendant asserted his right to a speedy trial; and
 (4) Whether the defendant has been prejudiced by the delay.
No one factor is, in itself, dispositive. Rather, the factors must be considered and assessed, objectively and dispassionately, then weighed and balanced together. See, e.g., Flores v. State,574 So.2d 1314, 1322 (Miss. 1990); Trotter v. State,554 So.2d 313, 316 (Miss. 1989); Smith v. State, 550 So.2d 406, 408 (Miss. 1989); Kinzey v. State, 498 So.2d 814, 816 (Miss. 1986);Burgess v. State, 473 So.2d 432, 433 (Miss. 1985); Bailey v.State, 463 So.2d 1059, 1062 (Miss. 1985).
 I. Length of Delay
The constitutional speedy trial clock begins to run on the date of arrest. Handley v. State, 574 So.2d 671, 674 (Miss. 1990);Jaco v. State, 574 So.2d 625, 629 (Miss. 1990); Smith v.State, 550 So.2d at 408; Vickery v. State, 535 So.2d 1371, 1376 (Miss. 1988); Lightsey v. State, 493 So.2d 375, 378 (Miss. 1986); Burgess v. State, 473 So.2d at 433. Adams was arrested on October 26, 1987. He was brought to trial on January 25, 1989, some 456 days later. A delay of this duration is presumptively prejudicial, albeit rebuttably so, and presumptively violative of the accused's right to a speedy trial. See State v. Ferguson,576 So.2d 1252, 1254 (Miss. 1991) (288 days); Flores v. State,
574 So.2d at 1322 (any delay of eight months or longer is presumptively prejudicial); Jaco v. State, 574 So.2d at 630 (414 days); Smith v. State, 550 So.2d at 408 (370 days);Beavers v. State, 498 So.2d 788, 790 (Miss. 1986) (423 days);Bailey v. State, 463 So.2d at 1062 (298 days). See also,Prince v. Alabama, 507 F.2d 693, 707 (5th Cir. 1975).
The majority correctly states a delay of 456 days is presumptively prejudicial requiring further examination of the three other Barker factors. Barker, 407 U.S. at 530, 92 S.Ct. at 2191-92. It means as well that, without more, the defendant's claim prevails if the state fails to rebut the presumption of prejudice:
 The presumption guarantees a dismissal of the charges only in face of the state's failure to advance either evidence or argument in support of its burden to show there has been no violation of the defendant's speedy trial right.
Salandre v. State, 111 N.M. 422, 429, 806 P.2d 562, 569 (1991). Of more practical significance, this means that the prosecution bears the risk of non-persuasion on the other issues underBarker. See State v. Ferguson, 576 So.2d at 1254; Vickery v.State, 535 So.2d at 1375; Reed v. State, 506 So.2d 277, 281 (Miss. 1987); Turner v. State, 383 So.2d 489, 491 (Miss. 1980).
 II. Reason for Delay
Bearing in mind that the prosecution bears the risk of non-persuasion — more conventionally but less precisely, the prosecution has the burden of proof — we find one delay chargeable to Adams. On April 28, 1988, the Court granted Adams a continuance at his request until July 5, 1988. This is 66 days. When we subtract 66 from 456, we find 390 days delay still unjustified.
The majority then breaks the delay down into four segments:
(a) That between arrest and arraignment. Common sense suggests that Adams was likely not ready for trial during this time. This delay should be given minimal consideration, but is the beginning and may not be wholly ignored.
(b) The two months delay between arraignment — February 22, 1988, and Adams' motion for a continuance — April 28, 1988. There is nothing before us showing why *Page 172 
Adams could not have been tried during this period. I say this in the context of our many cases holding an accused has no right to complain where he is put to trial within but a few days of indictment. See, e.g., Morris v. State (Miss. No. 07-KA-58857, dec. Feb. 27, 1991) (not yet reported); Shaw v. State,378 So.2d 631, 633-34 (Miss. 1979). As the burden of producing evidence and the risk of non-persuasion lie with the prosecution, this delay may not be charged to Adams. Because (as will be seen) the indictment was flawed (not Adams' fault), the case could not have been tried during this period.
(c) After the continuance Adams sought, we pick up on June 30, 1988, when the prosecution had Adams reindicted. We are concerned with the delay from June 30, 1988, through October 17, 1988. What happened during this time was, first, that the prosecution abandoned its original multi-count indictments in favor of two singlecount indictments. In point of fact, the prosecution presented and had entered an order of nolle prosequi on the first multi-count indictment. Following the reindictment, Adams moved to quash. The Court again found the indictment flawed and granted the motion. The grand jury indicted Adams for the third time on October 10, 1988.
The majority says the first erroneous indictment produced a delay "caused by mere negligence." Similarly, we blame the second erroneous indictment on "mere negligence." The more important point is that Adams did not cause these delays. They are solely attributable to and charged to the prosecution and the state. While I would concede Barker directs that these delays "should not weigh heavily against the state," the inescapable fact is that these delays do weigh against the state. Barker, 407 U.S. at 531, 92 S.Ct. at 279, 33 L.Ed.2d at 117; People v. Sims,47 Ill. App.3d 215, 5 Ill.Dec. 625, 626, 361 N.E.2d 1153, 1154 (1977); People v. Simpson, 30 Cal.App.3d 177, 106 Cal.Rptr. 254, 258 (1973). This is particularly important in light of the presumption of prejudice flowing from the length of delay.
(d) The final period is that between December 2, 1988, and trial on January 25, 1989. The majority correctly notes that this delay "was caused by court docket congestion." They cite Barker
correctly for the proposition that this delay "weighs against the state but not heavily." Barker, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.
The sum and substance of the delays, other than the 66-day delay caused by Adams' motion for continuance is that the entire time is chargeable to the prosecution and the state. The fact that, under Barker, the time does not weigh heavily against the prosecution cannot be seen to avoid the fact that it does weigh against the prosecution and is in no way chargeable to Steven Allen Adams.
 III. Defendant's Assertion of Right to Speedy Trial Barker declares that an accused has no duty to bring himself to trial. Barker v. Wingo, 407 U.S. at 527, 92 S.Ct. at 2190, 33 L.Ed.2d at 115. We have repeatedly accepted this premise.See, e.g., State v. Ferguson, supra; Flores v. State, 574 So.2d at 1318; Jaco v. State, 574 So.2d at 632; Vickery v. State,
535 So.2d at 1377; Williamson v. State, 512 So.2d 868, 877 (1987); Turner v. State, 383 So.2d at 491. Yet the majority says, "Adams never really asserted a right to a speedy trial . . . [and] weigh[s] this factor against him . . . ." and relies heavily on this fact. This seems inconsistent with the premise just noted. It seems odd under today's facts. Adams had a trial setting on December 2, 1988. He cannot be faulted for failing to demand a speedy trial in the days leading up to that date. He had no way of knowing the Court would continue his case. Between June 30 and October 17, the prosecution labored under the burden of bad indictments. I know of no law that says we can force an accused to forego his right to proper indictment on pain of forfeiting his right to a speedy trial. *Page 173 
 IV. Prejudice
The majority quotes from Trotter v. State, 554 So.2d at 318, where this Court followed the United States Supreme Court's articulation of a presumption of prejudice.
 Inordinate delay, wholly aside from possible prejudice to a defense on the merits, may "seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety, in him, his family and his friends." United States v. Marion, 404 U.S. 307, 320 [, 92 S.Ct. 455, 463, 30 L.Ed.2d 468] (1971). These factors are more serious for some than for others, but they are inevitably present in every case to some extent. . . .
See Moore v. Arizona, 414 U.S. 25, 26-27, 94 S.Ct. 188, 189-90, 38 L.Ed.2d 183 (1973) (quoting Barker, 407 U.S. at 537, 92 S.Ct. at 2195, 33 L.Ed.2d at 121 (White, J., concurring)). Seealso, Flores v. State, 574 So.2d at 1323; Jaco v. State, 574 So.2d at 632-33. I would emphasize here, that in our present setting, where the delay has been presumptively prejudicial, the burden, i.e., the risk of non-persuasion, falls upon the prosecution. Prince v. Alabama, 507 F.2d at 707. Moore v.Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), states:
 Barker v. Wingo expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial.
Moore, 414 U.S. at 26, 94 S.Ct. at 189, 38 L.Ed.2d at 185; seealso, State v. Ferguson, 576 So.2d at 1255; Jaco v. State, 574 So.2d at 633; Trotter v. State, 554 So.2d at 318.
There is a further factor. Adams was put to trial on January 25, 1989, for something he is said to have done on July 26, 1987. Of importance, his crime is not of the sort the prosecution proves (even in part) by objective physical facts. The fifteen-year-old victim suffered no physical injury. No medical reports, photographs, or other documentary evidence appear in this case. This is a case without evidence not subject to the ravages time inflicts upon the human memory. To the contrary, the case for the prosecution stood or fell on the largely uncorroborated memory of a single witness. I do not doubt that such testimony may legally sustain a conviction. In cases of this sort, we should be loathe to relax legal imperatives for a prompt and speedy trial.
 V. Reconciliation of the Factors
We confront a delay — 456 days — that the law holds presumptively prejudicial. A 66-day segment of that delay is chargeable to Adams. The remainder is presumptively charged to the state and to the prosecution. When we look at the evidence to see whether the presumption has been rebutted, we find the opposite — that it has been reinforced. The delays incident to the two flawed attempts to indict Adams are, in the majority's words, attributable to the negligence of the prosecution. The final delay is court congestion which, however fervently we may wish it otherwise, Barker says it is chargeable to the prosecution. In the words of the Barker court:
 Overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.
Barker, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. And as Justice White put it in his Barker concurring opinion:
 Unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the state's criminal justice system are limited and that each case must await its turn. As the court points out, this approach also subverts the state's own goals in seeking to enforce its criminal laws.
 *Page 174 Barker, 407 U.S. at 538, 92 S.Ct. at 2195, 33 L.Ed.2d at 121.
I respectfully dissent.
SULLIVAN, J., concurs.