# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00398 COA

**STEPHEN TROY SAUCIER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JAMES W. BACKSTROM

COURT FROM WHICH APPEALED: GREENE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

E. FRED DOBBINS

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS JR.

DISTRICT ATTORNEY: DALE HARKEY

NATURE OF THE CASE: CRIMINAL - SIMPLE ASSAULT

TRIAL COURT DISPOSITION: SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER: SENTENCED TO SERVE 5 YRS IN THE CUSTODY OF MDOC AS A HABITUAL OFFENDER; SENTENCE TO BE SERVED CONSECUTIVELY TO CAUSE NO. 7186 HANCOCK COUNTY; PAY COURT COSTS

BEFORE BRIDGES, P.J., KING, AND PAYNE, JJ.

BRIDGES, P.J., FOR THE COURT:

Steven Saucier was convicted of simple assault of a law enforcement officer in violation of section 97-3-7(1)(a) of the Mississippi Code of 1972 and was sentenced as a habitual offender to five (5) years in the Mississippi Department of Corrections without parole or early release to be served consecutively to the current sentence he is serving. Aggrieved, Saucier appeals arguing that the trial court erred in allowing the amendment of the indictment under which he was charged.

FACTS

The facts in this case are scant and uncontroverted. On March 29, 1993, Saucier, an inmate at the South Mississippi Correctional Institution, assaulted Harry Reddoch, a corrections officer, by beating him repeatedly about the face with his fists. He was indicted in pertinent part as follows:

> INDICTMENT
>
> SIMPLE ASSAULT ON A
>
> LAW ENFORCEMENT OFFICER: SECTION *97-3-7(1)(A)*;
>
> HABITUAL OFFENDER: SECTION 99-19-81, Miss. Code of 1972, as amended:

STATE OF MISSISSIPPI CIRCUIT COURT, October Term 1993

COUNTY OF GREENE

> THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of Greene County, Mississippi, duly elected, empaneled, sworn and charged to inquire in and for the said State and County at the Term of Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That

STEPHEN TROY SAUCIER

> in Greene County, Mississippi, on or about March 29, 1993, *did unlawfully, feloniously and wilfully attempt by physical menace to put Harry Reddoch, in fear of imminent serious bodily harm by striking him repeatedly in the face with his fist,*

when the said Harry Reddoch, at the time in question, was a law enforcement officer employed by the Mississippi Department of Corrections and acting within the scope of his duty and office.

On the morning of trial, the State amended, with court approval, the indictment to read in pertinent part as follows:

Stephen Troy Saucier in Greene County, Mississippi, on or about March 29, 1993, did unlawfully, feloniously and willfully cause bodily injury to Harry Reddoch, when the said Harry Reddoch . . . .

Saucier objected that the proposed amendment was to the substance and not the form of the indictment.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE INDICTMENT CHARGING SAUCIER WITH SIMPLE ASSAULT TO BE AMENDED.

Section 97-3-7(1) of the Mississippi Code of 1972 defines three types of simple assault. One is guilty of a violation of subsection (a) if he attempts to cause or purposely, knowingly, or recklessly causes bodily injury to another. Subsection (b) substitutes negligence as the mens rea and incorporates a deadly weapon or similar means into the actus reus. Subsection (c) is satisfied when one, by physical menace, attempts to put another in fear of imminent serious bodily harm. Miss. Code Ann. § 97-3-7(1) (1972).

The original indictment cited subsection (a) and gave facts to support this charge; however, other language was included in the indictment from subsection (c). It appears that the amendment was an effort to clean up any ambiguities in the wording of the indictment. Saucier argues that the amendment was substantive in nature. It is the opinion of this Court, however, that the amendment was in form only.

The Mississippi Supreme Court has stated:

Section 99-17-13 of the Miss. Code Ann. (1972), provides for amendments to criminal indictments during the course of a trial in limited situations. However, any amendment, to be permissible, must be in form and not substance. We have adopted the following test to determine whether an amendment to an indictment results in prejudice to the defendant:

The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally

> applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.

*Reed v. State*, 506 So. 2d 277, 279 (Miss. 1987) (citations omitted).

Saucier does not adequately explain how any viable defense or any evidence that he planned to present or actually did present was rendered inapplicable as a result of the amendment. Nor do we see how such could be the case. Accordingly, we are of the opinion that the amendment was one of form and not one of substance. Saucier's contention that granting the amendment was error is without merit and therefore fails. We affirm.

**THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PAROLE OR EARLY RELEASE IS HEREBY AFFIRMED. SENTENCE TO BE SERVED CONSECUTIVELY TO SENTENCE HE IS PRESENTLY SERVING. ALL COSTS OF THIS APPEAL ARE TAXED TO GREENE COUNTY.**

**FRAISER, C.J., THOMAS, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**