# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 19, 2011 Session

## O'RANE M. CORNISH, SR.  v. THE HOME DEPOT, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001164-05      James F. Russell, Judge**

---

**No. W2010-00476-COA-R3-CV - Filed June 7, 2011**

---

The trial court awarded summary judgment to Defendant in this malicious prosecution action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

O'Rane M. Cornish, Sr., *Pro se*.

Jay M. Atkins and H. Case Embry, Oxford, Mississippi, for the appellee, Home Depot USA, Inc.

## MEMORANDUM OPINION[1]

This dispute has a long history, and this is its second appearance in this Court. In March 2005, Appellant O'Rane M. Cornish, Sr. (Mr. Cornish), filed an action against

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellee The Home Depot, Inc.[2] ("Home Depot") in the Circuit Court for Shelby County. The trial court awarded summary judgment to Home Depot, and Mr. Cornish appealed. We determined that Home Depot had sent copies of its filings, including its motion for summary judgment, to an incorrect address for Mr. Cornish. We accordingly held that Home Depot had failed to properly notice Mr. Cornish, and reversed and remanded the matter for further proceedings. *Cornish v. Home Depot*, No. W2006-00568-COA-R3-CV, 2007 WL 1153115 (Tenn. Ct. App. April 19, 2007)("*Cornish I*").

Upon remand, Home Depot again moved for summary judgment in May 2007. Mr. Cornish moved for recusal of the trial court, which the trial court denied, and Mr. Cornish applied for permission for extraordinary appeal to this Court. We denied Mr. Cornish's application in December 2007. The matter was delayed by Mr. Cornish's illness in 2008. In April 2009, the trial court granted Home Depot's motion to compel discovery and respond to its motion for summary judgment. In its order, the trial court found that Mr. Cornish had submitted no response to Home Depot's discovery requests, and that he had failed to demonstrate a basis for his failure to respond. The trial court granted Mr. Cornish an additional 45 days to respond. The trial court also provided Mr. Cornish 45 days to provide documentation of any medical condition that would warrant further delay, and afforded Mr. Cornish the opportunity to provide the documentation under seal.

Mr. Cornish did not comply with the trial court's April 2009 order, and on September 21, 2009, Home Depot again moved for summary judgment, or, in the alternative, for Rule 37 sanctions, including dismissal. On October 12, 2009, Home Depot gave notice of the hearing on its motion scheduled for October 30, 2009. On October 29, 2009, Mr. Cornish moved the court for leave to file answers out of time, requesting an extension of time until November 3, 2009. He also stated that had been pronounced medically clear. He provided no further documentation of medical illness. On October 29, Mr. Cornish also filed a motion to compel Home Depot to answer interrogatories, asserting that Home Depot had "offered objections" to his questions.

The trial court heard the matter on October 30, 2009. On November 11, 2009, the trial court issued an order on the hearing, noting that Mr. Cornish had filed several documents with the court on October 29 and 30, 2009, but that the filings had not been delivered to Home Depot as of the time of the hearing. The trial court stated that Mr. Cornish had failed to comply with its April 2009 order, but reserved ruling on the matter and granted Mr. Cornish's request for additional time. The trial court granted Mr. Cornish until 4:30 PM on November 6, 2009, to serve any response or other evidentiary support for his responses to Home Depot. The trial court granted Home Depot until November 13, 2009, to file any

---

[2]Defendant is properly styled "Home Depot USA, Inc."

replies. The trial court also found that Mr. Cornish had announced, in open court, that his health no longer prevented him from participating in the matter, and that he would provide medical documentation to support his assertion of ill health. Mr. Cornish was ordered to provide medical documentation to counsel for Home Depot and to the court no later than 4:30 PM on November 6, 2009.

On November 6, 2009, Mr. Cornish filed his response in opposition to Home Depot's second motion for summary judgment. He filed his affidavit in support of his opposition on November 10, 2009. Apparently, Home Depot was served with Mr. Cornish's response and affidavit on November 13, 2009. After a hearing, on November 18, 2009, the trial court entered an order denying Mr. Cornish's motion to compel discovery on the basis that, although Home Depot had objected to Mr. Cornish's questions, it nevertheless answered them fully and responsively. After a hearing, on November 18 the trial court denied Mr. Cornish's motion to file discovery out of time, noting that Mr. Cornish had not responded despite previous orders and that no responses were submitted with his motion. The trial court also entered on order denying Mr. Cornish's earlier motion for recusal on November 18, 2009. On November 23, Mr. Cornish filed a motion to reconsider the November 18 order denying his motion to late file discovery. The trial court denied the motion on November 25, 2009.

The trial court entered an order on Home Depot's motion for summary judgment on November 25, 2009. In its order, the trial court stated that Mr. Cornish had "finally provided some information" regarding his medical condition on November 16, 2009. The trial court awarded summary judgment to Home Depot on the grounds that, as a matter of law, Mr. Cornish could not sustain an action for malicious prosecution where there had been no termination in his favor of the underlying criminal suit that precipitated the present action.

On December 18, 2009, Mr. Cornish filed a motion to reconsider his motion for recusal. He filed a corrected motion to reconsider recusal on December 21, 2009. On December 28, 2009, Mr. Cornish filed a motion to reconsider summary judgment. He filed a corrected motion to reconsider summary judgment on December 31, 2009. The trial court denied the motions to reconsider recusal on January 20, 2010. Although it is not in the record transmitted to us on appeal, Home Depot apparently filed a response to Mr. Cornish's motion to reconsider summary judgment, and Mr. Cornish filed a response to Home Depot's response on January 21, 2010. Mr. Cornish filed a notice of appeal to this Court on February 19, 2010. After a number of extensions of time granted during the pendency of appeal, oral argument was heard in this case on April 19, 2011.

### *Issues Presented*

On review, Mr. Cornish asserts that:

1.  The trial court erred by denying his motion for recusal;

2.  The trial court erred by not granting his motions for continuance during his illness with a communicable disease;

3.  The trial court erred by awarding summary judgment to Home Depot.

### *Discussion*

We begin our discussion by noting that the record does not reflect that the trial court entered an order on Mr. Cornish's motion and corrected motion to reconsider summary judgment. At oral argument of this matter, Mr. Cornish asserted that final judgment had been entered in the matter. Home Depot urged us to waive the final judgment rule if we determined that Mr. Cornish's motion to reconsider, which we perceive to be a Tennessee Rules of Civil Procedure Rule 59.04 motion to alter or amend, had not been adjudicated by the trial court. It does not appear that the trial court disposed of Mr. Cornish's motion to reconsider. However, upon a thorough review of the record, we believe waiver of the finality requirement of Rule 3 of the Tennessee Rules of Appellate Procedure is warranted in this case. This dispute between Home Depot and Mr. Cornish, a *pro se* litigant, has a long and tortured history. It has been pending in the courts for over six years. This is the second appeal of the case, and the only matter apparently not disposed of by the trial court was a motion to reconsider a second award of summary judgment on a narrow issue of law. Thus, we find good cause to suspend the finality requirement of Rule 3(a) and assume jurisdiction of this appeal. *See Williams v. Tennessee Farmers Reassurance Co.*, No. M2010–01689–COA–R3–CV, 2011 WL 1842893, at \*4-6 (Tenn. Ct. App. May 12, 2011)(stating: "[t]his Court will suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure only in the most extenuating circumstances, where justice so demands.").

We turn first to Mr. Cornish's assertion that the trial court erred by denying Mr. Cornish's motion for recusal. We review a trial court's determinations on motions of recusal under an abuse of discretion standard. *In re C.T.S.*, 156 S.W.3d 18, 22 (Tenn. Ct. App. 2004). Mr. Cornish's argument, as we perceive it, is that the trial court was biased against him based on racial prejudice. Upon review of the entire record in this case, we find no evidence of bias on the part of the trial court.

We turn next to Mr. Cornish's assertion that the trial court erred by failing to grant his motions for continuance on the ground of illness. In his brief, Mr. Cornish argues that he tested positive for TB in late 2006 and early 2007. He asserts that he filed a motion for continuance on December 17, 2008, which the trial court did not respond to, but "allowed Home Depot to respond with motion for scheduling or setting." A trial court's determination on whether to grant a motion for continuance is reviewed under an abuse of discretion standard. *Id.*

The record reflects that Home Depot filed its motion for summary judgment following remand in May 2007; that Mr. Cornish moved for a default judgment in June 2007; that Home Depot filed a response and motion to continue the hearing on Mr. Cornish's motion on June 28, 2007; that Mr. Cornish moved to deny Home Depot's motion for continuance on June 29; and that the trial court denied Mr. Cornish's motion for default judgment on July 3, 2007. On July 13, 2007, Mr. Cornish filed his initial motion for recusal. The record reflects that Mr. Cornish litigated the matter of recusal through 2007, seeking permission to appeal to this Court, which was denied in December 2007. On October 24, 2007, Mr. Cornish field a motion to continue a hearing set for October 26, asserting that he had sustained a "diabetic relapse." Home Depot responded by striking the hearing. On September 25, 2008, Mr. Cornish moved for continuance of a hearing set for September 26, 2008. In his September 2008 motion, Mr. Cornish asserted that he had tested positive for LTBI[3] in December 2006 and in May 2007, and that tests to determine whether he actually had TB "began in earnest on 5/2/08." Mr. Cornish stated that the results of some required tests would take in excess of 60 days. On September 26, 2008, Home Depot struck the hearing. This pattern continued until February 2009, when the trial court set a scheduling conference for March 26, 2009, stating that Mr. Cornish would be allowed to participate by telephone. Mr. Cornish filed a renewed motion for continuance on February 25, 2009, and an affidavit on March 25, 2009, asserting that it would be dangerous to expose anyone in the courthouse to possible TB. He again requested the trial court to continue the matter until he was "cleared" medically, but did not indicate that he would be unable to participate by telephone. The record reflects that, although the trial court did not enter an order continuing the matter indefinitely until Mr. Cornish was "cleared," this matter effectively was continued until April 2009, when the trial court granted Home Depot's motion to compel discovery. As noted above, Mr. Cornish was permitted further extensions until November 6, 2009, and it is undisputed that Mr. Cornish was medically cleared no later than September 2009. We cannot say the trial court abused its discretion on this issue.

We finally turn to whether the trial court erred by awarding summary judgment to

---

[3]The motion further states that "[t]esting positive for LTBI does not mean that one has the actual TB."

Home Depot on Mr. Cornish's claim for malicious prosecution. We review a trial court's award of summary judgment *de novo*, with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04). The burden is on the moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citations omitted).

After the moving party has made a properly supported motion, the nonmoving party must establish the existence of a genuine issue of material fact. *Id.* (citations omitted). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure. *Id.* (citations omitted). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citations omitted). A disputed fact that must be decided to resolve a substantive claim or defense is material, and it presents a genuine issue if it reasonably could be resolved in favor of either one party or the other. *Id.* (citations omitted).

It is undisputed that in July 2000, Home Depot filed three criminal complaints in Hernando, Mississippi, alleging that Mr. Cornish had written and failed to redeem three bad checks to a Home Depot retail store. Mr. Cornish was indicted on July 26, 2000. At the time of the indictment, Mr. Cornish was incarcerated in a federal prison in Texas. In March 2003, the Circuit Court for Desoto County issued an order for writ of *habeas corpus ad prosequendum* to have Mr. Cornish appear for court proceedings in Desoto County in May 2003, and then be returned to prison in Texas. On March 1, 2004, the Mississippi court executed an order "remanding" the cause to the "files." Mr. Cornish was not assessed with costs.

On March 1, 2005, Mr. Cornish filed his action for malicious prosecution against Home Depot. Mr. Cornish asserted that, upon becoming aware that his checks would be returned unpaid, he contacted the Home Depot store, which directed him to contact the Collections Department in Nashville. He asserted he received and followed instructions for making the payments, tendering the full amount due, plus fees. He alleged Home Depot filed the criminal complaints against him maliciously and without probable cause. The trial court

determined Home Depot was entitled to judgment as a matter of law where no judgment in Mr. Cornish's favor was entered in the Mississippi criminal case, and the case had not been determined on the merits.

The plaintiff in an action for malicious prosecution must demonstrate "(a) that a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (b) that the prior lawsuit or judicial proceeding was brought against the plaintiff with malice, and (c) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor." *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005)(citations omitted). The third element requires a final termination of the prior proceeding that is favorable to the plaintiff. *Id.* Requiring finality ensures that the defendant had an opportunity to establish probable cause for commencing the prior suit before being required to defend a claim of malicious prosecution. *Id.*

Mr. Cornish asserts that the Mississippi proceeding resulted in a termination of the matter in his favor where it was "remanded" and because the court did not assess him with costs. Home Depot asserts the remand did not conclude the case, but preserved it for future proceedings. The trial court determined that, under Mississippi Code Annotated § 99-11-29 and the case law interpreting it, an order remanding a cause is not an acquittal on the merits. The trial court based its determination on its conclusion that double jeopardy does not attach to a matter that is within the purview of section 99-11-29. The trial court based its conclusion on sections 99-11-29 and 99-11-31 of the Mississippi Code, and upon its reading of *Estes v. State of Mississippi*, 502 So.2d 1184 (Miss. 1987).

The Mississippi Code provides:

Where a defendant is acquitted of a criminal charge upon trial on the ground of a variance between the indictment and proof, or upon exception to the form or substance of the indictment or record, he may be tried and convicted upon a subsequent indictment for the offense actually committed, notwithstanding such acquittal; and it shall be the duty of the court to order the accused into the custody of the proper officer.

In all cases of acquittal on the ground of variance between the indictment and proof, the jury, in rendering its verdict, shall so certify.

Miss. Code Ann. § 99-11-29 (West 2011).

The Mississippi Code also provides:

When a defendant is acquitted on the merits of his case, *and not on any ground stated in section 99-11-29* such acquittal shall be a bar to any subsequent accusation for the same offense, notwithstanding any defect in the record, or in the form or substance of the indictment upon which such acquittal was had.

Miss. Code Ann. § 99-11-31 (West 2011)(emphasis added).

We do not believe that these statutes are conclusive, however. Section 99-11-31 prohibits double jeopardy. It provides that double jeopardy does not attach unless a defendant is acquitted on the merits of a case, and not on the basis of section 99-11-29. Section 99-11-29 states that a defendant who is acquitted as a result of a variance between the indictment and the proof may be subsequently tried upon a correct indictment. Neither statute addresses the effect of a remand to the files where the defendant has not been acquitted and no reason has been stated for the remand. In *Estes*, the court held that double jeopardy did not attach to a case which was dismissed as a result of a variance between the charge in the indictment and the proof, where there had been no finding of guilt or innocence. *Estes v. State of Mississippi*, 502 So.2d 1184, 1185 (Miss. 1987). The *Estes* court held that the defendant in that case could be tried a second time where the first case was dismissed after the prosecution rested as a result of an insufficiency in the indictment.

As the *Estes* court noted, however,

A defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged.

*Id.* (quoting *United States v. Scott*, 437 U.S. 82, 97 (1977)). In this case, Mr. Cornish was neither acquitted nor convicted of the charges against him in the Mississippi court. The case against him was not dismissed; the charges were not dropped. "Remand" is defined as "[t]he act or an instance of sending something (such as a case, claim, or person) back for further action." *Black's Law Dictionary* 1319 (8th ed. 2004).

We agree with the trial court that there is nothing in this record to demonstrate that the Mississippi case has been terminated or concluded in favor of Mr. Cornish. Although the Mississippi case had been "remanded" for nearly six years when the trial court entered its last judgment in this matter, there is nothing in the record to indicate that the case was terminated or concluded.

*Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, O'Rane M. Cornish, Sr.

_____
DAVID R. FARMER, JUDGE