## MOORE *v.* ARIZONA

No. 73–5002. Decided November 5, 1973

PER CURIAM.

Almost three years after he was charged and 28 months after he first demanded that Arizona either extradite him from California, where he was serving a prison term, or drop a detainer against him, petitioner was tried for murder in Arizona. Prior to trial, he filed a state habeas corpus application, alleging a deprivation of his Sixth and Fourteenth Amendment right to a speedy trial. In affirming the denial of the petition, the Arizona Supreme Court ruled that under this Court's decisions in *Dickey* v. *Florida,* 398 U. S. 30 (1970), and *Barker* v. *Wingo,* 407 U. S. 514 (1972), a showing of prejudice to the defense at trial was essential to establish a federal speedy trial claim. The state court found no such prejudice here because petitioner was afforded a

preliminary hearing and allowed to subpoena witnesses.[1] 109 Ariz. 111, 506 P. 2d 242 (1973).

The state court was in fundamental error in its reading of *Barker* v. *Wingo* and in the standard applied in judging petitioner's speedy trial claim. *Barker* v. *Wingo* expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial:

> "We regard none of the four factors identified above [length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant] as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." 407 U. S., at 533 (footnote omitted).

In addition to possible prejudice, any court must thus carefully weigh the reasons for the delay in bringing an incarcerated defendant to trial. In the face of petitioner's repeated demands, did the State discharge its "constitutional duty to make a diligent, good-faith effort to bring him [to trial]"? *Smith* v. *Hooey,* 393 U. S. 374, 383 (1969).

Moreover, prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible

---

[1] The court did not mention the unavailability of one of the two key witnesses as the result of her deportation 18 months after the charge had been filed against petitioner.

prejudice to his defense in those proceedings.[2] Inordinate delay,

> "wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' *United States* v. *Marion,* 404 U. S. 307, 320 (1971). These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty." *Barker* v. *Wingo, supra,* at 537 (WHITE, J., concurring).

See also *id.,* at 532–533 (majority opinion). Some of these factors may carry quite different weight where a defendant is incarcerated after conviction in another State, but no court should overlook the possible impact pending charges might have on his prospects for parole and meaningful rehabilitation. *Strunk* v. *United States,* 412 U. S. 434, 439 (1973).

The State of Arizona itself has conceded that this is a close case under *Barker* v. *Wingo* and that it is arguable whether the three-year delay was excusable. Because we agree and because "the right to a speedy trial is as

---

[2] The examples of possible trial prejudice recited in *Barker* bear directly on this case:

"If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." *Barker* v. *Wingo,* 407 U. S. 514, 532 (1972).

fundamental as any of the rights secured by the Sixth Amendment," *Klopfer* v. *North Carolina,* 386 U. S. 213, 223 (1967), we grant the motion for leave to proceed *in forma pauperis* and the petition, vacate the judgment, and remand to the Arizona Supreme Court to reassess petitioner's case under the standards mandated by *Smith, Barker,* and *Dickey.*

*So ordered.*