**UNITED STATES, Appellee,**

v.

**George A. PERRY, Specialist Four, U. S. Army, Appellant.**

No. 31,732.

CM 429748.

U. S. Court of Military Appeals.

Feb. 9, 1977.

*Captain D. David Hostler,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Major Richard J. Goddard,* and *Captain Albert T. Berry.*

*Captain John F. DePue,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Robert P. Terzian,* and *Captain William A. McNutt.*

Opinion of the Court

COOK, Judge:

A general court-martial with members convicted the appellant of voluntary man-

slaughter [1] and conduct contrary to a general regulation, in violation of Articles 119 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 919 and 892, respectively. We granted review to determine whether the appellant was accorded a speedy trial and whether the military judge improperly admitted photographic evidence of the wounds of the victim. In view of our disposition of the speedy trial issue, we find it unnecessary to resolve the evidentiary question.

A stipulation of fact reflects that on June 6, 1972, Private First Class DuMarce collapsed near a road located on Fort Riley, Kansas. On the same day the appellant made a statement to a military policeman to the effect that he had killed a man by stabbing him with a hunting knife but claimed he was acting in self-defense. Appellant was confined on June 8, and on June 16 a charge of murder was formally preferred against the appellant. The Article 32 [2] investigating officer was appointed on July 5. Although the initial hearing was originally scheduled for July 10, it was delayed until July 12 at the request of defense counsel. Hearings were conducted on July 12 and 19; the Article 32 report was completed on August 29. A separate defense exhibit reveals the appellant demanded a speedy trial on August 24 and the convening authority replied on August 25 advising the appellant that a decision would be made by September 15 as to whether charges would be referred to trial. An additional charge of carrying a knife in excess of a maximum length allowed by regulation was preferred on September 11, and the two charges were referred to a general court-martial on September 15. On September 20, the trial counsel attempted to set a trial date but the defense counsel was on leave until October 10. The defense counsel had another case scheduled for trial during the week of October 10, and, therefore, the trial counsel docketed the appellant's case for trial on October 16, 1972. Appellant was tried on October 16, 18 through 21, and 30, 1972.

Where, as here, pretrial confinement exceeds 90 days, a presumption arises that an appellant has not been accorded a speedy trial. *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974); *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).[3] Relying on this presumption, the defense counsel moved to dismiss the charges but the motion was denied by the military judge. In *United States v. Marshall*, 22 U.S.C.M.A. 431, 435, 47 C.M.R. 409, 413 (1973), the Court noted the *Burton* presumption can be overcome by evidence demonstrating "really extraordinary circumstances" necessitating a delay beyond 90 days. In an effort to overcome the presumption established in *Burton*, the Government called the Article 32 investigating officer to explain the 55-day delay from the date of his appointment, July 5, to the completion of his report, August 29. In essence, the witness ascribed the delay to his belief that some of the witnesses who appeared during the hearing were evasive and to the absence of various CID reports that he thought were relevant to the case. He explained that he anticipated the reports would both assist him in evaluating the credibility of the witnesses and clarify the reputation and past conduct of both the appellant and the victim and their previous relationships. Also, he noted that he was concerned about, and sought clarification of, a remark in the autopsy report to the effect that the deceased's wounds appeared to be "defensive" in nature. On cross-examination, he acknowledged his failure to

---

1. The appellant was charged with murder but the court members found him guilty of only the lesser included offense.

2. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832.

3. In *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), the Court held the critical period was 3 months. However, noting the variable factor involved in a 3-month period, the Court redefined such period in terms of 90 days. *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). The difference is immaterial to the decision in the present case.

ascertain that a laboratory report had been submitted to local military authorities reflecting that a fingerprint analysis had identified the appellant's fingerprint on a knife which had been found near the scene of the crime.

On this appeal the Government contends as the appellant had asserted a claim of self-defense, the Article 32 investigating officer properly delayed the submission of his report to obtain information sufficient to enable him to make an informed judgment and recommendation as to the disposition of the case. This purpose is advanced as an extraordinary circumstance excusing the delay for a substantial part of the Article 32 proceeding.

■ With the exception of the 2-day delay requested by the defense counsel, the entire period of the Article 32 proceeding is attributable to the Government. Although *United States v. Marshall, supra*, recognized the convoluted or complex nature of an offense may constitute an extraordinary circumstance, as the Court recently noted in *United States v. Henderson*, 1 M.J. 421 (1976), the record must demonstrate that the complex nature of the offense necessitated more than the normal period required to process a case. In the present case the appellant's commission of the offense was known during the initial stages of the criminal investigation. While he asserted a claim of self-defense, such a claim does not transform the investigation into such complexities as to overcome the *Burton* presumption. Indeed, the record clearly reflects the investigation was concentrated toward an attempt to ascertain if there had been previous contacts between the victim and the appellant. As both the victim and the appellant were members of the military, their duty assignments were a matter of military record. Thus, whether there had been previous contacts between the two men could have been ascertained by inquiries directed toward various military personnel who knew them.

Furthermore, while the Article 32 investigating officer was concerned with the background of the victim in the civilian community prior to his entry into the Army,[4] the background or reputation of the victim does not present complexities necessitating more than the normal time required to process a case. Indeed, investigative requirements were considered in establishing the 90-day rule. *See United States v. Reitz*, 22 U.S.C. M.A. 584, 48 C.M.R. 178 (1974); *United States v. Marshall, supra*.

The present case simply involved a background and character investigation which is not an extraordinary circumstance invoking investigative complexities. While the Article 32 investigating officer's concern as to whether there was a valid claim of self-defense or whether there was evidence reflecting a crime of murder is commendable his concern for additional evidence was necessitated by a failure of the criminal investigation to provide the additional information. This Court has previously "rejected the need to complete a criminal investigation report as an excuse for pretrial delay." *United States v. Reitz, supra* at 585, 48 C.M.R. at 179. *See also United States v. Williams*, 16 U.S.C.M.A. 589, 37 C.M.R. 209 (1967). If the Article 32 investigating officer lacked sufficient information on which to make an informed judgment, this deficiency was a result of the Government's failure to adequately investigate the offense. Under the circumstances we conclude the appellant was denied a speedy trial.

Finally, we need not now decide if the absence of the defense counsel on leave precipitated a delay chargeable to the defense, because the period in question does not reduce the pretrial confinement below 90 days. The Government has failed to meet its heavy burden of overcoming the *Burton* presumption.

■ While the charge of violating a regulation was not preferred until September 11, this charge involved the possession of a

---

4. The Article 32 investigating officer testified he sent a letter to the sheriff of the victim's hometown.

knife which was the instrument of death. As the appellant admitted using a hunting knife on the day of the offense and this knife was found by the authorities on the following day, both charges require dismissal. *See United States v. Ward*, 23 U.S.C.M.A. 391, 50 C.M.R. 273, 1 M.J. 21 (1975); *United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974).

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside, and the charges are dismissed.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur in the result reached by the majority. Using the majority's standard as enunciated in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), and *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973), and subsequent decisions,[1] I reach the same conclusion.

I do find in this case that there was noncompliance with Article 33, Uniform Code of Military Justice, 10 U.S.C. § 833. Our disposition of this case makes it unnecessary to address the proper remedy for this violation. *See United States v. Mason*, 21 U.S.C.M.A. 389, 45 C.M.R. 163 (1972) (Duncan, J.).

The Congress provided ample protection for speedy trial under the Uniform Code of Military Justice. I believe that Article 10, UCMJ, 10 U.S.C. § 810, read in conjunction with Article 33, UCMJ, 10 U.S.C. § 833, provides a more than adequate basis for the expedient disposition of criminal matters. If those charged with the subsequent obligation to proceed to trial do so in an unreasonable manner, they should be charged under Article 98, UCMJ, 10 U.S.C. § 898, which states as follows:

Any person subject to this chapter who—
(1) is responsible for unnecessary delay in the disposition of any case of a person accused of an offense under this chapter; or
(2) knowingly and intentionally fails to enforce or comply with any provision of this chapter regulating the proceedings before, during, or after trial of an accused;
shall be punished as a court-martial may direct.

The real culprit that endangers the military society in the area of speedy trial is not the accused or any judicial tribunal that dismisses the case for want of a speedy trial.[2] The culprits are those persons in command charged with the responsibility of enforcing and acting within the purview of the Uniform Code of Military Justice. The way to protect the military society from the "guilty" accused who has not been provided a speedy trial is to enforce by prosecution those who chose to ignore the obligation to their society mandated by the Uniform Code of Military Justice.

---

1. *See United States v. Henderson*, 1 M.J. 421 (1976).

2. *See Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). *See also Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).