802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID OVEGIAN, Petitioner-Appellant
v.
WILLIAM L. ABSHIRE, Respondent-Appellee.
 No. 85-1995.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEBER, District Judge*
 ORDER
 Ovegian moves for counsel, for in forma pauperis status, and for an evidentiary hearing on appeal from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Ovegian's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 Ovegian was convicted by an Oakland County, Michigan jury of conspiracy to commit first degree murder. He received a life sentence. He exhausted his state remedies.
 The only issue before the district court was whether Ovegian's speedy trial right was violated. The four factors that must be considered are: the length of the delay, the reasons for the delay, the defendant's assertion of his rights, and the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1971). The defendant need not establish prejudice to his case if the other factors dictate that his speedy trial right was violated. Moore v. Arizona, 414 U.S. 25, 26 (1973); Takacs v. Engle, 768 F.2d 122, 128 (6th Cir. 1985).
 In the present case, the length of the delay and Ovegian's assertion of his right weigh against the prosecution. However, an examination of the record shows that Ovegian engaged in deliberate tactics to delay trial and manipulate the criminal justice system. Moreover, he was responsible for the murder of the main prosecution witness in this case. So the reasons for delay are almost entirely of his own making.
 
 
 1
 Ovegian alleges that his case was prejudiced because he could not present certain alibi witnesses. However, the jury believed his alibi defense and found him not guilty of murder while finding him guilty of conspiracy. So the inability to locate these witnesses did not prejudice his defense in any way. This lack of prejudice coupled with the reasons for the delay show that Ovegian's constitutional right to a speedy trial was not violated.
 
 
 2
 The motions for counsel, for in forma pauperis status, and for an evidentiary hearing are denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation