**UNITED STATES of America**

v.

**Lynn June HOPKINS, Defendant.**

**Crim. No. 91–0489.**

United States District Court,
District of Columbia.

May 22, 1992.

Robert C. Little, John G. Horan, Asst. U.S. Attys., Washington, D.C., for U.S.

Richard S. Stern, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

The defendant has been charged with one count of unlawfully and knowingly possessing a firearm after having been convicted of a felony. She has filed a motion to dismiss the indictment claiming that the government has violated her right to a speedy trial. The Court held a hearing on this motion and is now prepared to rule on it.

### A. FACTS

On March 26, 1991, officers from the Metropolitan Police Department executed a search warrant at 1351 Quincy Street, N.W. in the District of Columbia. While executing the search warrant, the police allegedly found a gun in the defendant's room. At the time, a warrant had been issued for the defendant's arrest because she was on escape status from a halfway house. The defendant was arrested pursuant to the arrest warrant. She was taken to the D.C. Jail where she has been since then serving the balance of her sentence for the previous felony. The Grand Jury returned an indictment for the gun charge against the defendant on August 22, 1991, five months after her arrest.

After the indictment was returned, a government agent attempted to serve a warrant for the charge at the defendant's last known address. The agent learned that the defendant had been incarcerated, but because of administrative confusion in the United States Attorney's office, no action was taken to bring the defendant up for arraignment until March 31, 1992. The

defendant was ultimately arraigned on April 9, 1992.

## B. SPEEDY TRIAL CONSIDERATIONS

Under the Speedy Trial Act, the government has an obligation to obtain the presence of a person serving a term of imprisonment for arraignment promptly. 18 U.S.C. § 3161(j)(1). While it is true that the deadline for the commencement of trial is measured from the date when the defendant first appears before the judicial officer of the court that will hear the case, *see* 18 U.S.C. § 3161(c)(1), this fact does not relieve the government of its affirmative duty. The government is required to act with dispatch in the interest of fairness to the defendant. As defendant's counsel noted at the hearing, defendant may possibly have lost the opportunity to serve any sentence she may receive for her alleged federal offense concurrently with the sentence she is now serving. The Court believes that the defendant's statutory right to a speedy trial may well have been compromised.

The defendant also has a constitutional right to a speedy trial. Under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Court must consider four factors when deciding whether a defendant's constitutional right has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant as a result of the delay. In this case, there is no dispute that the defendant asserted her right to a speedy trial at the earliest time possible. The disagreement focuses on other factors. The length of the delay from indictment to arraignment was eight months and from arrest to arraignment was over one year. The government has been forthright in acknowledging that the delay resulted from an administrative error made when responsibility for the case was transferred from one assistant United States attorney to another. While regrettable, this error alone does not constitute a violation of the defendant's constitutional speedy trial rights. *See United States v. Henry*, 615 F.2d 1223, 1233 (9th Cir.1980).

However, the prejudice to the defendant is a powerful consideration when viewed in conjunction with the fact that the delay was entirely due to negligence on the part of the prosecutor. The possibility of prejudice, when considered in conjunction with the other factors may be enough to cause a violation of a defendant's speedy trial rights. *See Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). In this case, as defendant's counsel represented to the Court at the hearing, defendant now faces great difficulty in preparing a defense. The gun in question was recovered from a house where several people lived, and defense counsel has been unable to contact the other residents in order to investigate the case or determine whether they might offer any exculpatory testimony. It appears some of them may have moved away from the area. As the Supreme Court has said, " 'If witnesses die or disappear during a delay, the prejudice is obvious.' " *Moore v. Arizona*, 414 U.S. 25, 27 n. 2, 94 S.Ct. 188, 190 n. 2, 38 L.Ed.2d 183 (1973) *citing Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). Also, even if the defendant strongly suspected she would be charged when she was arrested one year ago, she never had a chance to visit the house or speak with the other tenants immediately after the search warrant was executed because she was incarcerated. The government had a full opportunity to investigate the charge and gather relevant evidence from the date of the arrest.

The Court finds that the one year delay from the defendant's arrest to the defendant's arraignment, caused by the government's error, has resulted in a violation of the defendant's right to a speedy trial because it has impaired the defendant's ability to mount a defense. Therefore, the Court will dismiss the indictment.