**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4395

ANTHONY LEE KING,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-93-40)

Submitted: March 27, 1997

Decided: April 8, 1997

Before RUSSELL, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Raymond A. Carpenter, Jr., BOONE, BEALE, CARPENTER &
COSBY, Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, M. Hannah Lauck, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Lee King appeals from his convictions of five counts of possession of listed chemicals with reasonable cause to believe that they would be used in the manufacture of a controlled substance (methamphetamine), in violation of 21 U.S.C. § 841(d) (1994). King claims, first, that the thirty-one month delay between his indictment and his trial violated his Sixth Amendment right to a speedy trial and, second, that the district court incorrectly computed his base offense level in determining his sentence. For the reasons that follow, we affirm.

King was indicted on April 6, 1993, on five counts of possessing certain listed precursor chemicals with reasonable cause to believe that they would be used in the manufacture of methamphetamine.[1] However, King fled before he was arrested. On May 24, 1994, King was arrested in Nevada on unrelated charges. Two days later, King was given a detainer informing him of the federal charges pending against him in Virginia. That detainer failed to include a Speedy Trial Act notification.

King finished serving his Nevada state sentence on July 21, 1995, and was transferred to the Eastern District of Virginia to be tried. King moved to dismiss the indictment claiming a violation of his speedy trial rights. After a hearing, the district court denied the motion.

Whether a defendant's Sixth Amendment right to a speedy trial has been violated is determined by balancing four factors, with no one

_____

[1] The five counts related to five listed chemicals found in King's home: methylamine, ephedrine, acetic anhydride, benzyl cyanide, and phenyl-acetic acid.

2

factor being determinative: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant has timely asserted his or her right to a speedy trial, and (4) whether the defendant has suffered prejudice as a result of the delay. Barker v. Wingo, 407 U.S. 514, 530-32 (1972). A lengthy delay is a triggering mechanism and can be presumptively prejudicial. See Moore v. Arizona, 414 U.S. 25 (1973). However, a long delay is not necessarily an adequate basis for finding denial of the right to a speedy trial. See Barker, 407 U.S. at 533-34 (five years); Ricon v. Garrison, 517 F.2d 628 (4th Cir. 1975) (thirty-six month delay). The district court properly found that the thirty-one month delay here was sufficient to trigger the Barker test.

Applying the remaining three factors, however, the district court properly found that King's right to a speedy trial was not violated. First, of the thirty-one month delay, sixteen months were chargeable to King: thirteen months from the date of the indictment until the date the detainer was served on King in Nevada and three months from the date King received a detainer notifying him of his Speedy Trial Act rights. Second, King failed to timely assert his right to a speedy trial because, when he received the detainer with the Speedy Trial Act notification form attached, he failed to exercise the option to assert his speedy trial rights. Finally, any prejudice suffered by King, such as loss of chemical evidence or witnesses, occurred while he was a fugitive in Nevada.[2]

King also claims that the district court erred in calculating his base offense level based upon the full weight of methylamine found in his home (362.5 grams). King contends that, because methylamine is found in a solution containing 60 percent water, he should be held accountable for only 165 grams, or 40% of the solution found in his home. King's claim is without merit. The sentencing guidelines pertaining to listed chemicals do not differentiate between "actual" and "non-actual" quantities. Compare USSG§ 2D1.1, note B[3] (specifi-

_____

[2] The district court did find that King's rights under the Speedy Trial Act, 18 U.S.C. § 3161(j)(2) (1994), were violated and sanctioned the government by awarding King's court-appointed attorney an additional $1000 in compensation. The government has not appealed that ruling.
[3] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

3

cally indicating that for PCP and methamphetamine, courts should consider the purity of the controlled substance when determining the actual amount held) with USSG § 2D1.11 (making no differentiation for purity). See also Neal v. United States, ___ U.S. ___, 64 U.S.L.W. 4077 (U.S. Jan. 22, 1996) (No. 94-9088) (holding that the carrier weight of the blotter paper with LSD must be considered when determining amounts for sentencing purposes).

Accordingly, we affirm King's conviction and sentence. King's motion to reconsider the denial of his motion for substitution of counsel is hereby denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4