HOLLOWAY, Circuit Judge,
dissenting.
The “right to a prompt inquiry into criminal charges is fundamental^] and the duty of the charging authority is to provide a prompt trial.” Dickey v. Florida, 398 U.S. 30, 38, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (emphasis added). Indeed, Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), “established that the right to a speedy trial is ‘fundamental’ and is imposed by the Due Process Clause of the Fourteenth Amendment on the States.” The Court emphasized that “the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment.” In this case, Defendant Cone was denied this fundamental right. The majority applies the correct authority — the four-part analysis of Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)—but comes to *223 a conclusion with which I cannot agree. Because I am convinced that all four factors favor Defendant, I would hold that the convictions must be reversed and the charges dismissed.[1] I therefore respectfully dissent.
In undertaking analysis of the Barker v. Wingo factors, courts should always be mindful of the admonition in that case that “any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case.” 407 U.S. at 522, 92 S.Ct. 2182. For the most part the majority has followed this important precept and focused on the specifics of this case, but as I will point out infra, I am convinced that the principle is disregarded in the majority’s analysis of the prejudice prong of the framework.
I agree with the majority that the almost 18 months’ delay in this case is presumptively prejudicial and that we accordingly must proceed to apply the remaining three factors from Barker. The majority finds that the length of the delay in this case is mitigated by the complexity of the charges involved. I disagree. The government has offered this only as an excuse, not as a reason for the delay. That is, it is clear that the delay in this case was solely due to government negligence. There is absolutely nothing in the record to support the notion that the prosecution needed more time because of the complexity of the case. Indeed, the record affirmatively suggests that the complexities of the case had been managed long before the delay began. As the majority opinion notes, in March 2003 — almost eighteen months before the indictment was issued and three years before Defendant was brought before the court on these charges — the government had prepared a petition to revoke Defendant’s supervised release on his previous conviction. The revocation petition and the subsequent hearing were, as the majority notes, based on allegations similar to those in the October 2004 indictment.
Because the government offers only the generic argument that complexity may mitigate delay in some cases, and not a scintilla of evidence that it was a factor in this case, and in light of the affirmative indication in the record that complexity was not a factor here, I cannot agree with the majority’s reliance on the supposed complexity of the charges as mitigating the length of the delay here.
I agree with the majority that the delay here must be attributed to the government and must therefore weigh in favor of Defendant in this analysis.[2] To me, the government’s negligence in this case weighs against it more heavily than in other cases because of the multiple acts of negligence involved. First, the prosecutor failed in his duty to effect prompt service of the detainer. Second, and of much importance in my view, the prosecutor failed to insure that Defendant would be provided with correct and effective notice of his rights in the papers that were served, instead serving a document that could only have confused Defendant, as he testified that it did, and which the district judge characterized as a “horrible choice.”[3] Third, the prison officials failed on a number of occasions to *224 perform their statutory duty to notify the prosecutor that Defendant had invoked his speedy trial rights. See 18 U.S.C. § 3161(j)(2).
The majority correctly notes that the Defendant made multiple attempts to assert his right to a speedy trial, beginning within days of the service on him of the incorrect, confusing form provided by the government.[4]
Thus, the panel is in unanimous agreement that the first three factors from Barker v. Wingo favor Defendant, even if we are not totally in agreement as to the weight to be given to these factors. But I cannot agree with the majority that the fourth factor — prejudice to the Defendant — favors the government and leads to the conclusion that no remediable constitutional violation occurred here. I would hold that Defendant has demonstrated substantial prejudice in the loss of the opportunity to argue for a concurrent sentence and in having been subjected to harsher conditions of confinement for almost 18 months as a result of the government’s negligent failure to perform its duties. As the order and judgment (at note 13) observes, the Appellant’s Brief set out the marked differences of the two facilities: no visitation with his family, no access to outdoors at the transfer center, more limited medical, employment and educational facilities.
The majority dismisses out of hand Defendant’s contention that he was deprived of the opportunity to request a concurrent sentence and that this constitutes prejudice under the Barker framework. The majority argues that Defendant still could have asked for other forms of relief. But this is not, I think, sufficient to extinguish the prejudice in light of the fact that the Supreme Court has twice recognized that concurrent sentence impairment does constitute prejudice. See Strunk v. United States, 412 U.S. 434, 437-38, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); Smith v. Hooey, 393 U.S. 374, 378, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Both of those cases of course preceded the structured sentencing regimen of the Guidelines, so it must be presumed that in each case the court would have had the discretion to mitigate the prejudice sustained by the loss of the opportunity to request concurrent sentencing. But the Court did not cite that discretion as mitigating a finding of prejudice. Thus, the reliance of the majority in this case on the still-limited discretion federal district courts exercise post-Booker is not persuasive.
I would also hold that Defendant has demonstrated prejudice in the fact that he was, for almost 18 months, subjected to harsher conditions of confinement because the government notified the prison officials *225 that a detainer was coming, but then failed in several respects to fulfill its duties to Defendant. The Court has trenchantly observed that “no court should overlook the possible impact pending charges might have on his prospects for parole and meaningful rehabilitation.” Moore v. Arizona, 414 U.S. 25, 27, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973) (emphasis added). See also Strunk, 412 U.S. at 439, 93 S.Ct. 2260; Smith, 393 U.S. at 379, 89 S.Ct. 575.
The majority acknowledges the Supreme Court’s teaching on this point, assuring us that the point “is not lost on us.” But I fail to see that the majority gives this prejudice suffered by Cone any real weight at all in its analysis. If it did, I fail to see how it could conclude that Cone has failed to show a constitutional violation when all four Barker factors weigh for him and against the government.
The majority justifies its approach on two grounds, neither of which is persuasive. First, the majority cites Perez v. Sullivan, 793 F.2d 249 (10th Cir.1986), as holding that Defendant must show “substantial prejudice” because he was already incarcerated when the current charges were filed. I would distinguish Perez rather than apply it. I think that we must distinguish the case because applying it to Cone’s circumstances as the majority does conflicts with the general instruction of Barker v. Wingo to treat each case on its specific facts. See Barker, 407 U.S. at 522, 92 S.Ct. 2182. Thus, to apply the holding of Perez in circumstances that are different in an important sense without considering that difference is to err.
More importantly, the majority’s holding of no prejudice conflicts with the specific teachings about prejudice from the decisions in Smith v. Hooey, Strunk v. United States, and Moore v. Arizona. But distinguishing Perez avoids this departure from the Court’s teachings. Perez is distinguishable because in Perez, as in United States v. Yehling, 456 F.3d 1236 (10th Cir.2006), which the majority also cites, the person claiming denial of his speedy trial rights was incarcerated on the very charge at issue, having already been convicted or haying pleaded guilty in that case. But as I have shown, supra, three cases from the Supreme Court — Smith v. Hooey, Strunk v. United States, and Moore v. Arizona, all of which arose in contexts like those of Defendant Cone — teach that a person incarcerated on a previous conviction may suffer prejudice from the loss of the opportunity to argue for a concurrent sentence and the loss of opportunities for rehabilitation. This of course is exactly the prejudice shown by Defendant in the instant case. The language of Perez is in obvious tension with these Supreme Court cases, but because Perez is distinguishable on its facts, and because we are to analyze speedy trial issues in light of the specific circumstances in each case, it is not necessary to consider whether Perez went astray; it is simply necessary to follow the pertinent teachings of the Supreme Court.
Moreover, I think that the majority has disregarded the Supreme Court’s clear admonition (elsewhere quoted in the majority opinion) that none of the four factors discussed by the Court is “necessary or sufficient” to establish that the constitutional right has been violated. Barker v. Wingo, 407 U.S. at 533, 92 S.Ct. 2182. The majority has made prejudice an indispensable element by its analysis. This violates the teaching of Barker v. Wingo, and in my view is not required by Perez v. Sullivan (even if I were to assume that our court could have validly interpreted Barker v. Wingo differently, which of course would be wrong). In any event, Defendant has shown substantial prejudice in my view, and the greater error of the majority is to dismiss his showing of prejudice.
The majority also ignores those teachings regarding prejudice by vainly at *226 tempting to bolster its analysis with the weak and unexplained proposition that the Court’s holdings in Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005), and Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), arise in a “related context.” The questions presented in those cases regarding liberty interests under the Due Process Clause may bear some relation to the issues in the present case, but the Court gave no indication in those decisions that it was questioning its statements in Smith v. Hooey, Strunk v. United States, and Moore v. Arizona, all of which arose under the Constitution’s speedy trial guarantee, and not in a “related” context.
In sum, I conclude that all four factors of the Barker analysis favor Defendant. His constitutional right to a speedy trial was denied him,[5] and as a result he suffered exactly the kind of prejudice that the Supreme Court has noted is likely to occur when a prisoner is denied the right to a prompt adjudication of new charges against him. Because I believe that Defendant has established the violation of this core constitutional right, it necessarily follows that I would hold that the charges must be dismissed. See note 1, supra. The Supreme Court has instructed that where such a Sixth Amendment violation has occurred, as I find, dismissal is “the only possible remedy,” not a matter for the weighing of discretion, as the Majority appears to do. Barker, 407 U.S. at 522, 92 S.Ct. 2182; Strunk, 412 U.S. at 440, 93 S.Ct. 2260.
I respectfully but emphatically dissent.

. “In light of the policies which underlie the right to a speedy trial, dismissal must remain, as Barker noted, 'the only possible remedy.’ ” Strunk v. United States, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

. I acknowledge and agree that negligence weighs less heavily against the government than deliberate delay would.

.As the majority notes, it is unclear as to the extent to which the marshal's service may have been responsible for the delay in serving the notice of detainer and in the "horrible choice” of the form selected. But I agree with the majority that these facts must all weigh against the government in any event.

. The district court summarily rejected Defendant’s constitutional claim, citing Pietch v. United States, 110 F.2d 817, 819 (10th Cir.1940), and stating that the claim must fail because “no demand was ever presented to the Court.” The majority correctly gives no credence to the government's argument based on Pietch, but apparently it is necessary to point out that the district court clearly erred in its reliance on that case.
In Pietch, we held that a "person charged with a crime cannot assert with success that his right to a speedy trial guaranteed by the Sixth Amendment ... has been invaded unless he asked for a trial.” 110 F.2d at 819. That holding was disapproved in Barker v. Wingo, which held that failure to invoke the right is merely one factor to be considered in determining whether a constitutional violation has occurred. 407 U.S. at 522-30, 92 S.Ct. 2182. Nevertheless, we have since said that, at least in certain circumstances, this factor may be "most important." United States v. Bade, 433 F.3d 1287, 1291 (10th Cir.2006). In this case, however, the majority properly credits Cone’s efforts to demand a prompt trial and avoids the district court's error of giving dispositive weight to the fact that, despite Cone's efforts, the trial court remained unaware of his demand.

. In light of that fundamental infringement, I do not express a view about the claim under the Speedy Trial Act.