**Waddell SMITH, Petitioner–Appellant,**

**v.**

**D. LA CLAIR, Respondent–Appellee.**

**No. 08–4029–pr.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2009.

Jeffrey G. Pittell, Maher & Pittell, LLP, Great Neck, NY, for Appellant.

Leilani Rodriguez, Assistant Attorney General (Barbara D. Underwood, Solicitor General, and Roseann MacKechnie, Deputy Solicitor General for Criminal Matters, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Appellee.

PRESENT: ROGER J. MINER, REENA RAGGI and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Waddell Smith appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, which petition challenged his New York state conviction on four counts of robbery and two counts of criminal possession of a weapon on grounds that, *inter alia*, he was denied his Sixth Amendment right to a speedy trial. The district court granted Smith a certificate of appealability on his speedy trial claim. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Standard of Review*

While we review a district court's denial of a habeas corpus petition *de novo, see Jones v. West,* 555 F.3d 90, 95 (2d Cir. 2009), we will not vacate the petitioner's state conviction unless "the challenged state court decision was either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' " *Acosta v. Artuz,* 575 F.3d 177, 184 (2d Cir.2009) (quoting 28 U.S.C. § 2254(d)). "Where, as here, it is the state court's application of governing federal law that is challenged, the decision must be shown to be not only erroneous, but objectively unreasonable," *Waddington v. Sarausad,* —— U.S. ——, 129 S.Ct. 823, 831, 172 L.Ed.2d 532 (2009) (internal quotation marks omitted), a "substantially higher threshold," *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007).

"Whether a criminal defendant's right to a speedy trial has been violated is circumstance-dependent and determined by the multi-factor balancing test established in" *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which "weighs 'the conduct of both the prosecution and the defendant' by evaluating several factors, 'some' of which include the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " *United States v. Ray,* 578 F.3d 184, 191 (2d Cir. 2009) (quoting *Barker v. Wingo,* 407 U.S. at 530, 92 S.Ct. 2182); *see also Davis v. Kelly,* 316 F.3d 125, 127 (2d Cir.2003) (applying *Barker* factors in reviewing denial of § 2254 petition). These factors "must be considered together with such other circumstances as may be relevant," and "have no talismanic qualities." *Barker v. Wingo,* 407 U.S. at 533, 92 S.Ct. 2182. Rather, they require courts to "engage in a difficult and sensitive balancing process." *Id.*

### 2. *Smith Has Failed To Demonstrate That the State Court's Rejection of His Speedy Trial Claim Was Objectively Unreasonable*

The parties agree in substance on the following facts relevant to the *Barker* factors. First, the total pre-trial delay in

this case (approximately two years), and the delay found to be attributable to the state (approximately eleven months), are sufficient to trigger further analysis under *Barker*. *See Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (noting that delay "approach[ing] one year" is generally sufficient "to trigger the *Barker* enquiry").[1] Second, the delays attributable to the state were not the result of a "deliberate attempt to delay the trial in order to hamper the defense," but rather arose for a "neutral reason," namely, "negligence." *Barker v. Wingo*, 407 U.S. at 531, 92 S.Ct. 2182; *see also Doggett v. United States*, 505 U.S. at 657, 112 S.Ct. 2686 ("Although negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun."); Appellant's Br. at 37 (attributing state's delay to "unexplained procrastination"). Third, Smith asserted his right to a speedy trial during the state proceedings. *See* Appellee's Br. at 30.

The parties principally dispute the proper application of the fourth *Barker* factor, *i.e.*, "prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. 2182. Smith first argues that no showing of prejudice is necessary to prevail on a speedy trial claim. While this is undoubtedly so, *see Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973) (noting that "*Barker v. Wingo* expressly rejected the notion that an affirmative demonstration of

prejudice was necessary to prove a denial of the constitutional right to a speedy trial"), "courts generally have been reluctant to find a speedy trial violation in the absence of genuine prejudice," *United States v. Jones*, 129 F.3d 718, 724 (2d Cir.1997) (internal quotation marks omitted), and the Supreme Court has instructed that where negligently caused delays are "unaccompanied by particularized trial prejudice," the delays in question "must have lasted longer" than would otherwise be required for relief to be appropriate, *Doggett v. United States*, 505 U.S. at 657, 112 S.Ct. 2686. The delay at issue here, however, is insufficient to compel the conclusion that the Appellate Division unreasonably applied established Supreme Court precedent in rejecting Smith's speedy trial claim even if Smith failed to identify any prejudice arising from the pretrial delays. *See United States v. Jones*, 91 F.3d 5, 9 (2d Cir.1996) (holding that district court abused its discretion in dismissing indictment on speedy trial grounds "[i]n the absence of some additional compelling circumstance, such as bad faith by the prosecution or actual prejudice," where "the only delay which can reasonably be attributed to the government is 12 months"); *see also Flowers v. Warden, Conn. Corr. Inst., Somers*, 853 F.2d 131, 133 (2d Cir. 1988) (citing cases and noting that "17–month delay" is "considerably shorter than those in other cases where we have found no speedy trial violation").

■ Smith next argues that he has, in fact, identified prejudice entitling him to habeas relief.[2] We disagree. Smith does

---

1. Although respondent does not expressly concede that the district court correctly calculated the delay attributable to the state, respondent does not challenge the court's findings. In addition, although Smith argues that the district court erred in not attributing an additional 75 days of delay to the state, *see* Appellant's Br. at 30, we need not address

that contention here, as resolution of that issue in Smith's favor would not alter the outcome of this appeal.

2. We note that Smith did not argue to the Appellate Division that he suffered any form of prejudice as a result of the pretrial delays. Thus, a question arises as to whether Smith's

not contend that he suffered the "most serious" form of prejudice, namely, prejudice to his defense. *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. 2182.[3] He focuses instead on non-trial-related hardships resulting from his pretrial detention, such as lack of employment, recreational, and educational opportunities; lack of fresh air; exposure to dangerous people within the prison; and strain on his marriage. *See* Appellant's Br. at 36–41. "Of course, incarceration in the pretrial period [is] a hardship and must be included in the assessment of 'prejudice.' " *United States v. Vasquez,* 918 F.2d 329, 338 (2d Cir.1990). Nevertheless, even assuming that Smith could establish that he endured these hardships, he has failed to convince us that it was an objectively unreasonable application of clearly established Supreme Court precedent for the Appellate Division to conclude that such prejudice "is not sufficient to establish a constitutional violation under all of the facts of this case." *Flowers v. Warden, Conn. Corr. Inst., Somers,* 853 F.2d at 134.

As the Supreme Court has noted in the habeas context, "evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). Such leeway is properly accorded here. *See Davis v. Kelly,* 316 F.3d at 128 (noting that *Barker* standard is "clearly established, but discretionary"); *see also Rashad v. Walsh,* 300 F.3d 27, 45 (1st Cir.2002) (holding that AEDPA "deference is heightened in a *Barker*-type case, because constructing a balance among the four factors is more judicial art than science" (internal quotation marks omitted)). "The speedy-trial right is amorphous, slippery, and necessarily relative," *Vermont v. Brillon,* — U.S. —, 129 S.Ct. 1283, 1290, 173 L.Ed.2d 231 (2009) (internal quotation marks and citation omitted), and *Barker*'s balancing test "compels courts to approach speedy trial cases on an ad hoc basis." 407 U.S. at 530, 92 S.Ct. 2182. As a result, we have recently observed, "reasonable minds may disagree in close cases on whether the balance of factors tips in favor of recognizing a violation of the Speedy Trial Clause." *United States v. Ray,* 578 F.3d at 191; *see*

---

prejudice argument has been properly exhausted. *See Rashad v. Walsh,* 300 F.3d 27, 43 (1st Cir.2002) (noting this concern on habeas review of speedy trial claim and stating that "federal habeas court ought not to consider completely new and different theories presented in support of a constitutional claim"). We need not reject Smith's claim on this ground, however, as we conclude that he is not entitled to relief in any event.

**3.** Smith argued below that his restricted access to the law library at Rikers Island impaired his defense, but the district court rejected that claim, and Smith does not renew this argument on appeal. We therefore deem it to be waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). In his supplemental *pro se* brief, Smith does note that two of the prosecution's witnesses were unable to recall certain events during their trial testimony, *see* Appellant's Pro Se Supp. Br. at 14, but he does not indicate how the allegedly faded memory of *adverse* witnesses prejudiced his defense, *see Doggett v. United States,* 505 U.S. at 655, 112 S.Ct. 2686 (noting that prejudice may arise from "time's erosion of *exculpatory* evidence and testimony" (emphasis added)); *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. 2182 ("There is also prejudice if *defense witnesses* are unable to recall accurately events of the distant past." (emphasis added)); *see also id.* at 521, 92 S.Ct. 2182 (observing that pretrial delays "may work to the accused's advantage" because prosecution "witnesses may become unavailable or their memories may fade"); *United States v. Abad,* 514 F.3d 271, 275 (2d Cir.2008) (stating that *Barker*'s prejudice prong "is concerned with impediments to the ability of the defense to make *its own* case" (emphasis added)).

*also Barker v. Wingo,* 407 U.S. at 521, 92 S.Ct. 2182 (noting that it is "impossible to determine with precision when the [speedy trial] right has been denied").

Here, the district court concluded that "the lack of significant prejudice tips the scale, albeit slightly, in respondent's favor." *Smith v. La Clair,* No. 04 Civ. 4356, slip op. at 19, 2008 WL 3058250 (S.D.N.Y. Aug. 5, 2008). Smith contends that the district court erred in reaching that conclusion, but it is not sufficient for Smith to convince us that the factors, properly balanced, tip slightly in his, and not respondent's, favor. Rather, he must show that the state court could not have undertaken the "difficult and sensitive balancing process" called for in *Barker,* 407 U.S. at 533, 92 S.Ct. 2182, and reasonably concluded that his speedy trial claim fails. Given that (1) the delay here is shorter than that in many cases in which no Sixth Amendment violation has been found, *see United States v. Jones,* 91 F.3d at 9; *Flowers v. Warden, Conn. Corr. Inst., Somers,* 853 F.2d at 133; (2) those delays, to the extent they are attributable to the state, were caused solely by negligence; and (3) Smith has identified no prejudice beyond that normally attendant to pretrial detention, *see Barker v. Wingo,* 407 U.S. at 532–33, 92 S.Ct. 2182, we cannot conclude that Smith has carried that burden here, *see Goodrum v. Quarterman,* 547 F.3d 249, 266 (5th Cir.2008) (affirming denial of habeas petition where first three *Barker* factors favored petitioner but prejudice was "insubstantial and limited"); *United States v. Jones,* 91 F.3d at 9. Indeed, Smith cites no comparable case in which speedy-trial relief was granted, much less authority supporting the conclusion that the failure to afford such relief under these circumstances was objectively unreasonable. His habeas challenge therefore fails. *See Acosta v. Artuz,* 575 F.3d at 184 ("[I]t is the petitioner's burden to demonstrate that the state court applied the relevant clearly established law to that record in an objectively unreasonable manner.").

### 3. Conclusion

We have considered Smith's other arguments and consider them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.