DICKINSON, Presiding Justice,
dissenting:
¶ 66. After conceding that the first two Barker factors favor Bailey, the majority finds that the final two favor the State: (1) whether the defendant asserted his right; and (2) whether the delay prejudiced the defendant. The majority resolves this stalemate by considering the “totality of the circumstances” and finds that the State wins. But I find that three Barker factors favor Bailey and that his right to a speedy trial was violated.
¶ 67. First, the majority holds that because Bailey moved to dismiss his case, as opposed to demanding a speedy trial, he failed to assert his right — and the majority weighs this factor in the State’s favor. But this Court has long held that a defendant has no duty to bring himself to trial.[10] *326 If a defendant does demand a speedy trial, however, “points are placed on his side of the ledger.” [11] So if Bailey is not required to demand a speedy trial — but given credit if he does — it is illogical to hold that the failure to do so favors the State. Instead, as here, this factor remains neutral; it favors neither party.
¶ 68. Second, the majority holds that Bailey suffered no “actual prejudice” and that a defendant must prove that some prejudice — such as lost evidence or diminished memories — impaired the outcome of the trial. Because Bailey was unable to offer proof of prejudice, the majority holds that this fourth factor favors the State. But as I stated in a previous dissent, a defendant is not required to make an affirmative showing of prejudice to win a Barker analysis.[12] And if an affirmative showing is not required, how can the failure to do so score points for the State? Proving actual prejudice, like demanding a speedy trial, adds points to a defendant’s ledger; while the failure to do so benefits neither party.
¶ 69. But here, the prejudice factor is not neutral. Prejudice is presumed. Bailey’s trial was delayed 931 days — a delay that, as the majority puts it, “far exceeds the eight-month mark”[13] when prejudice is presumed. And once presumed, it became the State’s burden to rebut Barker’s three prejudice interests.[14] The majority places this burden on Bailey, when it was actually on the State. And because the State failed to meet its burden, I find that three of the four Barker factors favor Bailey, and his constitutional right to a speedy trial was violated. Therefore, I would reverse.
KITCHENS, J., JOINS THIS OPINION.

. State v. Magnusen, 646 So.2d 1275, 1283 (Miss.1994); Barker v. Wingo, 407 U.S. 514, 527, 92 S.Ct. 2182, 2190, 33 L.Ed.2d 101 (1972).

. Magnusen, 646 So.2d at 1283.

. Johnson v. State, 68 So.3d 1239, 1253 (Miss.2011) (citing Moore v. Arizona, 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973)).

.Maj. Op. at ¶ 45.

. Barker, 407 U.S. at 532, 92 S.Ct. 2182. ((1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) impairment of the defendant’s defense).